

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 22, 1972

Honorable Raymond W. Vowell
Commissioner
State Department of Public
  Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. M-1099

Re: Whether a State Department
of Public Welfare employee
may legally continue to
work for the Department
and receive his salary
while actively campaigning
for election as city council-
man.

Dear Mr. Vowell:

Your request for an opinion poses the following question:

"Can an employee of the State Department of
Public Welfare legally continue to work for the
Department and receive his State salary while at
the same time he is actively campaigning for the
elected position of City Councilman?"

Section 31 of Article 695c, Vernon's Civil Statutes,
applicable to the State Department of Public Welfare, provides:

"No officer or employee of the State Depart-
ment [of Public Welfare] shall use his official
authority or influence or permit the use of the
programs administered by the State Department for
the purpose of interfering with an election or af-
fecting the results thereof or for any political
purpose. No such officer or employee shall take
any active part in political management or in
political campaigns or participate in any political
activity, except that he shall retain the right
to vote as he may please and express his opinion
as a citizen on all political subjects. No such
officer or employee shall solicit or receive, nor
shall any such officer or employee be obliged to
contribute or render, any service, assistance, sub-
scriptions, assessments, or contributions for any
political purpose. Any officer or employee of the
State Department violating this Section shall be
subject to discharge or suspension or such other

-5366-

disciplinary measures as may be provided by the rules and regulations of the State Department." (Brackets added.)

Prohibitions such as those contained in the statute quoted above are not unusual. The Hatch Act, enacted by the United States Congress, 18 U.S.C. §61h, is an example. The obvious purpose of enactments of this nature is to prevent any possibility of conflict between the personal interest of a public employee and his interest as an employee of the public. In United Public Workers v. Mitchell, 330 U.S. 75 (1947) at 100 the United States Supreme Court defined what is prohibited:

> ". . . It is only partisan political activity that is interdicted. It is active participation in political management and political campaigns. Expressions, public or private, on public affairs, personalities and matters of public interest, not an objective of party action, are unrestricted by law so long as the government employee does not direct his activities toward party success."

You stated in your request that it is the policy of your Department to require an employee to terminate his employment with the Department during the time such employee is actively engaged in a political campaign for public office. It is our opinion in view of the foregoing provisions of the State statute such regulation is in harmony with the prohibitions set out above.

You are accordingly advised that an employee of the State Department of Public Welfare may not legally continue to work for the Department and receive his State salary while at the same time he is actively campaigning for the elected position of city councilman.

### S U M M A R Y

An employee of the State Department of Public Welfare may not legally continue to work for the Department and receive his State salary while at the same time he is actively campaigning for the elected position of city councilman.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-5367-

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Lattimore
Mel Corley
Sig Aronson
Jim Swearingen

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant